# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS WASHINGTON JR., | Case No.: 1:17-cv-00855-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES |
| SCOTT HARRIS, et al., | |
| Defendants. | [ECF No. 11] |

Plaintiff Travis Washington is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to United States Magistrate Judge jurisdiction on July 10, 2017. (ECF No. 9.)

Plaintiff filed the initial complaint on June 22, 2017, and a first amended complaint on July 24, 2017, which is currently before the Court for screening.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Associate Warden J. Jeeter, counselor B. McKinney, counsel Ms. Drake, and lieutenant Mr. Philpott, as Defendants.

One of Plaintiff's teeth has a filling that is lose and out of place. Plaintiff filed a medical form requesting medical treatment. The dentist told Plaintiff that there was nothing that could be done until he was transferred to another facility.

Plaintiff was programming in the mainline section of North Kern State Prison but was placed back into the reception center by the counselors and Associate Warden J. Jeeter instead of remaining in administrative segregation where he was entitled to a specific program consisting of telephone calls, full canteen privileges, and contact family visitation. As a result of the failure to provide proper programming, Plaintiff contemplated suicide, his marriage was ruined, and suffered emotional damage.

///

# III.

# DISCUSSION

## A. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in sections 3084.1 through 3084.8 of Title 15 of the California Code of Regulations. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate…can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the third level of administrative review. Id.

On the complaint form, Plaintiff acknowledges that there is an inmate appeal process available at the institution and he has filed an appeal regarding the facts contained in the complaint. (Compl. at 2.) However, Plaintiff indicates that the process is not complaint and states "I[']m still waiting for a response from Office of Appeals in Sacramento. I've been transferred to another prison." (Id.)

Plaintiff's failure to exhaust his administrative remedies prior to filing suit is clear from the face of the complaint. Based on Plaintiff's concession of nonexhaustion, this action must be dismissed without prejudice. Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201; see also City of Oakland, Cal. v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust the administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."); Albino, 747 F.3d at 1170 ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim"); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (the "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims.") (citing McKinney, 311 F.3d at 1199). Although the Court would typically grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the failure to exhaust cannot be cured by the allegation of additional facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

## IV.

## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's action is dismissed, without prejudice, for failure to exhaust the administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a).

IT IS SO ORDERED.

Dated: **August 8, 2017**

UNITED STATES MAGISTRATE JUDGE